### Case No. 4,573.

### EVANSVILLE NAT. BANK v. METROPOLITAN NAT. BANK.

[2 Biss. 527; 10 Am. Law Reg. (N. S.) 774; 1 Thomp. Nat. Bank Cas. 189; 6 Am. Law Rev. 574.][1]

Circuit Court, D. Indiana. May Term, 1871.

Asa Iglehart, for plaintiff.

Hendricks, Hord & Hendricks, for defendant.

DRUMMOND, Circuit Judge. The only question in the case is, whether this by-law was valid under the law of June 3d, 1864. The 8th section of that act authorizes the board of directors to make by-laws, but declares they must not be inconsistent with its provisions. The 35th section declares that no association shall make any loans, or discount on the security of the shares of its own capital stock, nor be the purchaser or holder of any such shares, unless to prevent loss on a debt previously contracted in good faith.

The counsel for the plaintiff, in the able argument he has presented, claims that the operation of the by-law upon the shares of stock, because of the indebtedness of Watts, Crane & Co., and their transfer to the Metropolitan Bank, without the consent of the board of directors, was not a loan or discount made on the security of the shares, that there must be a distinct assignment or hypothecation of the stock as security for a loan or discount made, and some authorities have been cited which seem to sustain that principle. But if a by-law declares in sub-

[1] [Reported by Josiah H. Bissell, Esq., and here reprinted by permission. 6 Am. Law Rev. 574, contains only a partial report.]

stance and effect, that for all loans or discounts made to the share-holder, a lien shall exist against his stock, the result would be the same as if there were a separate transaction and security given in each case. The share-holder always has the credit on the security of his stock, and thus the very object is accomplished which the 35th section sought to prevent, the absorption of the shares into the assets of the bank. And it will be observed that the law only allows the stock to be taken by the bank as security, or purchased or held to avoid loss on a debt previously contracted in good faith, and even then the stock is to be retained by the bank only a limited time.

An extended examination of the authorities cited by counsel is unnecessary, because in the case of the First Nat. Bank of South Bend v. Lanier (recently decided by the supreme court of the United States) 11 Wall. [78 U. S.] 369, the question involved here is discussed by that court, and a principle established that is decisive of this case. In that case the bank had made a by-law, declaring that the stock of the bank should be transferable only on its books, subject to the provisions of the 36th section of the act of 1863 (12 Stat. 675), by which a shareholder was prevented from transferring his stock when he owed the bank. The bank sought to avail itself of this by-law, notwithstanding the repeal of the 36th section, by the act of 1864, and the court held that that could not be done. This was in effect, deciding that no such by-law could be in force under the provisions of the act of 1864. The language of the court is: "Congress evidently intended, by leaving out of the law of 1864 the 36th section of the act of 1863, to relieve the holders of bank shares from the restrictions imposed by that section. The policy on the subject was changed, and the directors of banking associations were in effect notified, that thereafter they must deal with their share-holders as they dealt with other people. As the restrictions fell, so did that part of the by-law relating to the subject fall with them." The decree of the district court is affirmed.

This case was appealed to the supreme court, and affirmed by a divided court, and consequently no opinion was given.